# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL NO. 3:05CR384

| | |
|---|---|
| UNITED STATES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | ORDER |
| vs. ) | |
| ) | |
| JAVED KASHMANY, ) | |
| ) | |
| Defendant. ) | |

THIS MATTER is before the Court upon Defendant JAVED KASHMANY's Motion to Reconsider Active Sentence. The Court has reviewed Defendant's motion and hereby DENIES the motion.

1. Defendant received a reasonable sentence of three (3) months, which was in the middle of the advisory sentencing guideline range. The Court articulated appropriate sentencing factors under 18 U.S.C. § 3553(a), emphasizing the seriousness of the Defendant's criminal conduct – that is assisting an illegal alien in obtaining fraudulent documents during a period of a global war on terror and an illegal alien crisis.

2. Defendant asserts that his incarceration will put a grave hardship on his family. That may very well be true. However, the defendant's criminal conduct started the chain of events that leads to defendant's incarceration, which results in the hardship to his family. He should not receive less of a sentence merely because he has a family. Rather, because he has and supports a family, he has more responsibilities and duties – resulting in more victims of his criminal conduct when he has to pay his debt to society by imprisonment. Since he is responsible for his incarceration, he is

responsible for the hardship to his family.

3. Also, Defendant asserts that Mohammad Khan, the illegal alien whom the Defendant aided and abetted in obtaining a fraudulent driver's license, already had a legally issued driver's license that did not expire until April 1, 2008. It is, however, of no importance as to the Defendant's criminal conduct. It is the fact that the Defendant aided and abetted an illegal alien in obtaining a fraudulent identification that makes him criminally culpable; the fact that it was a senseless crime because Mr. Khan did not yet need to renew his driver's license does not reduce Defendant's culpability. The Offense Conduct section of the Pre-Sentence Report summarizes the Defendant's criminal conduct and shows how intentional the Defendant's crime was:

> Javed Akhtar Kashmary met with a person in February and March 2005 to discuss obtaining fraudulent identification documents. Javed Kashmary and Mohammad Khan, an illegal alien, knew each other through working at the Kashmary's business, the King Cab Company in Charlotte, NC. Kahn needed to have his license renewed and arranged for a fraudulent license be produced in his name. On March 10, 2005, Javed Akhtar Kashmary and Mohammad Saeed Khan met an individual at Javed Akhtar Kashmary's taxi cab office and paid this individual $300 for a fraudulent license for Khan. Based on information from a confidential informant, investigators learned of this transaction and an indictment was issued.

Clearly the Defendant willfully assisted in the creation of fraudulent identification documents in violation of 18 U.S.C. § 1028(f).

Thus Defendant's MOTION is hereby DENIED.

Signed: April 18, 2007

Frank D. Whitney
United States District Judge